IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BUTCH BAKER, #34381**     **PETITIONER**

**VERSUS**     **Civil Action No. 1:10cv458-LG-RHW**

**CHARLES ABRAMS and CHRISTOPHER EPPS**     **RESPONDENTS**

## REPORT AND RECOMMENDATIONS

Before the Court are [1] Butch Baker's September 13, 2010 petition for writ of habeas pursuant to 28 U.S.C. § 2254, filed by the Clerk on September 20, 2010,[1] [6] Respondents' October 13, 2010, motion to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d), and [7] Baker's October 29, 2010, response to the motion to dismiss. Upon review and consideration of the pleadings, records on file, and relevant legal authority, the undersigned United States Magistrate Judge is of the opinion that the motion to dismiss should be granted and the petition for federal habeas relief, denied.

## FACTS AND PROCEDURAL HISTORY

In the Circuit Court of Harrison County, Mississippi, on July 10, 1979, Baker was convicted as an habitual offender of carrying a concealed weapon following conviction of a felony, for which he received a life sentence in custody of the Mississippi Department of Corrections ("MDOC"). On March 11, 1981, the Mississippi Supreme Court affirmed Baker's conviction and sentence. *Baker v. State*, 394 So.2d 1376 (Miss. 1981) *reh'g denied* Apr. 1, 1981. Baker is currently incarcerated in the Marion/Walthall Correctional Facility in Columbia,

---

[1] Under the "mailbox rule," Baker's *pro se* federal habeas petition is deemed filed the day he delivered it to prison officials for mailing to the District Court. *Coleman v. Johnson*, 184 F.3d 398, 401, *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)).

Mississippi, where Charles Abrams is Chief Operations Officer.  Christopher Epps is the Commissioner of the Mississippi Department of Corrections.

On July 16, 2010, Baker filed an application in the Mississippi Supreme Court for leave to file a post-conviction motion in the trial court.  [6-2]  Holding that the application failed to make a substantial showing of the denial of a state or federal right as required by Miss. Code Ann. § 99-39-27(5), the state court denied the application by order filed September 8, 2010.  [6-3]  On September 13, 2010, Baker filed this federal habeas petition, challenging the application of Mississippi's habitual offender statute (Miss. Code Ann. § 99-18-83) to his case.  Respondents moved to dismiss the action pursuant to 28 U.S.C. § 2244(d) on October 13, 2010.

## LAW AND ANALYSIS

Respondents urge that Baker's habeas petition is untimely filed in violation of the one-year statute of limitations provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  The time prescribed for filing a petition for federal habeas review of a state court judgment is set out in 28 U.S.C. § 2244(d):

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> > **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year time limit does not begin to run against a state prisoner prior to the enactment of the AEDPA on April 24, 1996.  For limitations purposes, convictions which predate the enactment of the statute are considered final as of April 24, 1996.  Since Baker was convicted in 1979, his conviction was deemed final April 26, 1996, and he was allowed a one-year period from that date to file for federal habeas relief.  *See Grillete v. Warden, Winn Correctional Center*, 372 F.3d 765, 768 (5th Cir. 2004) (citing *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003)).

Unless the narrow exceptions of § 2244(d)(1)(B-D) apply, Baker was required to file his federal habeas corpus petition by April 24, 1997.  The one-year limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review," but neither an improperly filed state habeas petition nor a state habeas petition filed outside the limitations period affects the one-year time-bar for federal habeas relief.  An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings"  *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364 (2000).  Although § 2244(d)(2) requires federal courts to toll the time during which a properly filed state habeas application is pending (*Flanagan v. Johnson*, 154 F.3d 196, 199, n.1 (5th Cir. 1998), a state habeas application filed after the period of limitation has expired will not toll the limitation period under § 2244(d)(2).   *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir .2000) (state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired.  *See also*, *Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998).

Absent a "properly filed" post-conviction application to toll the limitations period, Baker's time for filing for federal habeas relief expired April 24, 1997, and his petition is time-

barred. *See Grillete*, 372 F.3d at 769; *Flanagan*, 154 F.3d at 201; *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1473 (1999). By the time Baker filed his July 16, 2010 post-conviction application, some 14 years after enactment of the AEDPA, his one-year period for filing a federal habeas petition had long since expired. Therefore, there was no tolling of the limitations period pursuant to 28 U.S.C. § 2244(d)(2).

The one-year statute of limitations is subject to equitable tolling, but only in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d at 811). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Felder*, 204 F.3d at 171. "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (citing *Felder*, 204 F.3d at 174). To be entitled to equitable tolling, the petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance prevented him from timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814,(2005). It is the petitioner's burden to establish that he is entitled to equitable tolling. See *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Baker has failed to carry that burden, as he has not set forth extraordinary circumstances justifying his lengthy delay in filing the instant petition. Under long-established principles, Baker's lack of diligence precludes equity's operation. *See Pace*, 544 U.S. at 419 ("Equity always refuses to interfere where there has been gross laches in the prosecution of rights")(citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990); *McQuiddy v. Ware*, 87 U.S. 14, 20 Wall. 14, 19, 22

L.Ed. 311 (1874)).  Baker's time for filing a federal habeas petition expired April 24, 1997, and the present petition, should be dismissed as time-barred.

## RECOMMENDATION

Upon due consideration of the Petition, pleadings on file, and the relevant legal authority, it is the opinion of the undersigned United States Magistrate Judge that Respondent's motion to dismiss should be **GRANTED** and Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2254, **DISMISSED.**

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, each party has fourteen (14) days to serve and file written objections to the Report and Recommendation; the objections must be filed with the Clerk of this Court, and must serve them upon the other parties and submit them to the assigned District Judge.  Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intent to respond to the objection.  An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 1st day of April, 2011.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE